IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: § § | | |
| HIGHPOINT LIFEHOPE SPE, LLC § § | | CASE NO. 22-50929-mmp |
| DEBTOR. § § § | | |
| WOODBRANCH HIGHPOINT, LLC § § § | | |
| Plaintiff, § § | | |
| v. § § | | ADVERSARY NO. 24-05003-mmp |
| FNA VI, LLC § § § | | |
| Defendant. § | | |

**MOTION OF WOODBRANCH HIGHPOINT, LLC TO REMAND FOR
LACK OF JURISDICTION, ABSTENTION OR EQUITABLE REMOVAL
AND DISCRETIONARY ABSTENTION**

**TO THE HONORABLE MICHAEL M. PARKER, U.S. BANKRUPTCY JUDGE:**

COMES NOW, Woodbranch Highpoint, LLC ("Woodbranch"), and for remand due to this Court lacking jurisdiction, there being no federal question, for abstention or equitable remand and discretionary abstention.

**SUMMARY**

This Court has no jurisdiction over the dispute removed by FNA VI, LLC ("FNA"). The dispute is between two creditors of the Debtor regarding property that is no longer property of the bankruptcy estate and claims which are no longer secured by property of the estate. Since the property is no longer property of the estate, both Woodbranch and FNA are at best unsecured creditors as to the Debtor. Whether FNA's personal property tax lien attaches to Woodbranch's

realty is not an issue within this Court's jurisdiction, because the Court denied the Debtor's motion to assume the ground lease it had with Woodbranch (Dkt #351).

## JURISDICTION AND VENUE

1. The Court lacks jurisdiction over this case pursuant to 28 U.S.C § 1334. The litigation between Woodbranch and FNA will not "alter the debtor's rights, liabilities…(either positively or negatively)"…*FDIC v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87, 90 (5th Cir. 1988); *Wood v. Wood*, 825 F.2d 90, 91 (5th Cir. 1987). The litigation involves disputes between non-debtor entities and non-debtor property. Venue of the Debtor's Chapter 11 case is proper in this district pursuant to 28 U.S.C. § 1408(1) and (2) but since the Court lacks jurisdiction the venue issue is moot.

2. The nature of the litigation by and between Woodbranch and FNA is controlling in determining both the jurisdiction but also the core/non-core analysis:

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding, for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding; for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*Wood*, 825 F.2d at 97. The removed litigation involves only non-debtor parties. There is no issue of a right created by federal bankruptcy law, the proceeding arose outside of bankruptcy therefore it can not be core.

3. Woodbranch does not consent to the Bankruptcy Court hearing the non-core matters.

20210622.20230576/5282648.1

## PARTIES

4. Woodbranch is a Delaware limited liability company with headquarters in Houston, Harris County, Texas.

5. FNA is a Delaware limited partnership.

## FACTS

6. Woodbranch is the owner of the 8401 and 8415 Datapoint Drive office buildings in San Antonio (the "**Property**"). Highpoint-Lifehope SPE, LLC (the "**Debtor**") became the tenant of Woodbranch under a Ground Lease for the Property. At no time was the Debtor the owner of the underlying real estate and it never had any interest in the fee estate. Woodbranch only had a leasehold interest which has now been terminated due to the Court's order denying the Debtor's request to assume the lease (Dkt #351).

7. The Debtor could not pay the personal property taxes associated with the Debtor's personal property located inside the leasehold interest. The Debtor sought a third-party lender to make it a loan. FNA advanced the funds to the Debtor that it needed to pay such personal property taxes. To secure the advance of funds the tax liens against the Debtor's personal property were assigned to FNA. The only property owner subject to the liens was the Debtor. The Transfers of Tax Liens to FNA refers to the legal description of the affected personal property is "improvement only on .392AC" and ".395AC".

8. Woodbranch owns the realty pursuant to a recorded deed.

9. Woodbranch sought a declaratory judgment under Chapter 37 of the Texas Declaratory Judgment Act asking the Texas State Court to declare that the liens filed by or sought to be enforced by FNA against Woodbranch's real estate were void; that FNA has a lien solely

3

against whatever personal property had been owned by the Debtor; that the Debtor's lease with Woodbranch has been terminated; and that the cloud on Woodbranch's title to the realty should be removed.

**ARGUMENT**

10. This Court lacks jurisdiction to adjudicate the dispute between Woodbranch and FNA. The Debtor has no interest in the lease or in Woodbranch's realty as the lease has been rejected and the stay lifted. *See*, Dkt #351. Woodbranch's declaratory judgment action to remove FNA's lien (i.e., slander of title) has no bearing on nor effect upon the Debtor or the Debtor's property. Without jurisdiction, the removal was improper and cannot and does not confer jurisdiction upon this Court.

11. If there is any possible "related to jurisdiction", then 28 U.S.C. § 1452(b) and § 1334(c)(1) strongly indicate that this Court should exercise its equitable and discretionary powers to remand the case in its entirety. Moreover, 28 § 1334(c)(2) mandates that this Court abstain from hearing FNA's state law claims because there is no independent basis for federal jurisdiction other than the Debtor's bankruptcy, the claims are non-core, the claims were initially brought in state court, and there is no reason why the State Court cannot timely adjudicate the claims. These basis for permissive and mandatory abstention are bolstered by the fact that this Court lacks subject matter jurisdiction to hear the claims asserted by non-debtors against non-debtors because they are not sufficiently "related to" the Debtor's bankruptcy to confer subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

### A. Equitable Remand and Permissive Abstention.

12. The circumstances of the Debtor's removal of the State Court Proceeding warrant equitable remand and discretionary abstention. The statute governing removal and remand of claims related to bankruptcy cases is set forth at 28 U.S.C. §1452, which provides, in part:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground.
> . . .

28 U.S.C. §1452. Thus, the Court is authorized to remand any action removed to it under 28 U.S.C. § 1334 "on any equitable ground." 28 U.S.C. § 1452.

### 1. Permissive Abstention is Appropriate

13. The Court has similarly broad discretion to permissively abstain from hearing an action removed under 28 U.S.C. § 1334 "in the interest of justice or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1); see also *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) ("[28 U.S.C. § 1334(c)(1)] grants the district court broad powers to abstain wherever appropriate . . . .").

14. In determining whether either form of judicial restraint is appropriate (or both), courts consider the same factors. *J.T. Thorpe Co. v. Am. Motorists*, No. H-02-04598, 2003 U.S. Dist. LEXIS 26016, at *6 (S.D. Tex. June 6, 2003); *Orion Ref. Corp. v. Fluor Enters., Inc.*, 319 B.R. 480, 488-89 (E.D. La. 2004) ("The factors that a district court considers to determine whether it should permissively abstain also support equitable remand under 28 U.S.C. § 1452."); *Borne v.*

5

*New Orleans Health Care, Inc.*, 116 B.R. 487, 494 (E.D. La. 1990) ("[T]he considerations underlying discretionary abstention and remand are the same."). Those factors are: (1) the duplication or uneconomical use of judicial resources; (2) whether remand will adversely affect the bankruptcy estate's effective administration; (3) whether the case involves questions of state law better addressed by state courts; (4) comity; (5) prejudice to the parties; (6) whether remand lessens the possibility of inconsistent results; and (7) whether the court where the action originated has greater expertise. See *Bank v. Structured Advantage, Inc. (In re EOTL Sys.)*, 2004 Bankr. LEXIS 14 at *13-14 (Bankr. N.D. Tex. Jan. 12, 2004) (citing *Browning v, Navarro*, 743 F.2d 1069, 1077 n. 21 (5th Cir. 1984) (analyzing the predecessor to § 1452); *Horton v. Nacogdoches Indep. Sch. Dist.*, 81 F.Supp. 2d 707, 711 (E.D. Tex. 2000); *Gabel v. Engra, Inc. (In re Engra, Inc.)*, 86 B.R. 890, 896 (S.D. Tex. 1988)). Where applicable, courts may also consider additional factors, including: "(1) the jurisdictional basis, if any other than 28 U.S.C. § 1334; (2) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (3) the substance rather than the form of the asserted 'core' proceeding; (4) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; the burden of the bankruptcy on the court's docket; (5) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; and (6) the presence of non-debtor parties." *In re EOTL Sys.*, 2004 Bankr. LEXIS 14 at *14.

15. Application of these factors weighs heavily in favor of permissive abstention and equitable remand:

> (a) <u>The duplication or uneconomical use of judicial resources</u>. As discussed in section C, *infra*, the non-debtor's claims must, in any event, proceed in the State

Court, so the interests of judicial efficiency weigh in favor of the Debtor's claims being remanded to be adjudicated in the same proceeding.

(b) <u>Whether remand will adversely affect the bankruptcy estate's effective administration</u>. Remand will have no adverse effect on the administration of the Debtor's bankruptcy estate. The Debtor is not a party and the dispute has nothing to do with the Debor's property.

(c) <u>Whether the case involves questions of state law better addressed by state courts</u>. This factor weighs heavily in favor of remand. The claims in the removed litigation are based on the common law of the state of Texas. They are the types of claims that would ordinarily be brought in state court, not federal court. Plainly, the State Court is the forum best situated to adjudicate the claims.

(d) <u>Comity</u>. Federal courts "abstain out of deference to the paramount interests of another sovereign, and the concern is with principles of comity and federalism." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 723 (1996). Section 1334(c) "favors comity and the resolution of state law questions by state courts . . . . [A]bsent countervailing circumstances, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of section 1334 . . ." *Lee v. Miller*, 263 B.R. 757, 763 (S.D. Miss. 2001). Where, as here, the case involves solely state rights claims, courts in the Fifth Circuit have concluded that "[c]omity with state law weighs heavily in favor of abstention." *Abraham v. Smith*, NO. 4:15-CV-00036, 2016 U.S. Dist. LEXIS 28606 (N.D. Miss. Mar. 7, 2016).

 (e) <u>Prejudice to the parties</u>. Remand to state court would not prejudice Debtor. The Debtor is not involved. A decision not to remand to the State Court would prejudice Woodbranch. *Stern v. Marshall*, 564 U.S. 462 (2011) (observing that a non-Article III adjudication of common-law private rights is, at minimum, constitutionally suspect). Thus, Woodbranch would be burdened by the need to file a motion to withdraw the District Court's reference to this Court with respect to this proceeding, and because this Court cannot exercise the Judicial Power of the United States without Woodbranch's consent, which it has not granted, this Court would not be able to enter final orders and judgment, but could only, at best, make recommendations to the District Court which would then issue final orders and judgment after *de novo* review. The District Court, having remanded previously, would likely do so again.

 (f) <u>Whether remand lessens the possibility of inconsistent results</u>. Here, there are no claims against the Debtor. The other non-debtor parties must proceed in State Court.

 (g) <u>Whether the court where the action originated has greater expertise</u>. The State Court has greater expertise in this matter because the State Court Action is based entirely on Texas state law rather than federal law.

 **B. Mandatory Abstention.**

16. "Under § 1334(c)(2) . . . courts must abstain from hearing a state law claim for which there is no independent basis for federal jurisdiction other than § 1334(b) 'if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.'" *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) (citing 28 U.S.C. §§ 157(b)(1) & 1334(c)(2)).

"Mandatory abstention [under § 1334(c)(2)] applies only to non-core proceedings – that is proceedings 'related to a case under title 11,' but not arising under title 11, or arising in a case under title 11." *Id*. (citing 28 U.S.C. §§ 157(b)(1) and 1334(c)(2)).

17. The Fifth Circuit has identified the following four factors for determining if abstention is mandated under § 1334(c)(2): "(1) the claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, *i.e.*, it is related to a case under title 11 does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court." *In re Rupp & Bowman Co. v. Schuster*, 109 F.3d 237, 239 (5th Cir. 1997).

18. All of the factors for mandatory abstention are present here.

19. First, Woodbranch's claims are based solely on state law causes of action. Plaintiffs' claims arise from a note and deed of trust provisions which is a cause of action arising under Texas state law. See *Akins v. FIA Card Servs., N.A.*, 2015 Tex. App. LEXIS 1729 (Tex. App. Amarillo Feb. 23, 2015) (citing Tex. R. Civ. P. 185).

20. Second, the claims are non-core claims under 28 U.S.C. § 157. "[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d at 97. Woodbranch's claims do not invoke a substantive right provided by Title 11 and are not of a nature that could "only arise in the context of a bankruptcy case." "A state contract action that, had there been no bankruptcy, could have proceeded in state court" is non-core. *Id*. Thus, this removed litigation is a non-core proceeding.

21. With respect to the third factor, it is clear that Woodbranch commenced the State Court Action in the State Court. Thus, the third factor is satisfied.

20210622.20230576/5282648.1

22. Finally, the fourth factor is satisfied because the action can be timely adjudicated in State Court. The State Court Action can be timely adjudicated in the State Court within the meaning of § 1334(c)(2), satisfying the fourth and final factor for mandatory abstention. This Court could not adjudicate the matter.

23. With each factor for mandatory abstention clearly fulfilled, this Court should abstain from hearing this matter, and remand to state court for further proceedings. *Adelsflugel v. Consol. Aluminum Corp.*, NO. 13-811, 2014 U.S. Dist. LEXIS 116058, *3-9 (M.D. La. Aug. 19, 2014) (mandatory abstention under section 1334(c)(2) requires remand of a removed claim).

### C. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Claims Against Non-Debtor Defendants.

24. This Court lacks subject matter jurisdiction to adjudicate the claims of Woodbranch or FNA because such claims do not have a sufficiently close nexus with administration of the Debtor's bankruptcy case to fall within the grant of jurisdiction established by 28 U.S.C. § 1334(b). The claims against the respective non-debtors must be remanded to the State Court because this Court lacks jurisdiction to adjudicate them. 28 U.S.C. § 1334(b) confers non-exclusive jurisdiction on federal courts for "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). To determine whether such jurisdiction exists, "it is necessary only to determine whether a matter is at least 'related to' the bankruptcy." *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999).

25. The Fifth Circuit, following the Third Circuit, has adopted the following test for whether an action is sufficiently "related to" a bankruptcy to confer jurisdiction on federal courts: "whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d at 93 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). While "related to" jurisdiction may be broad, the Supreme Court has

10

emphasized that "[r]elated to" jurisdiction "cannot be limitless." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). In *Pacor*, the Third Circuit stated that "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of [former] section 1471(b). Judicial economy itself does not justify federal jurisdiction." *Pacor*, 743 F.2d at 994.

Courts presume that claims between non-debtors are not "related to" a bankruptcy sufficient to confer federal jurisdiction. See *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 380 (3rd Cir. 2002) ("related to bankruptcy jurisdiction will not extend to a dispute between non-debtors unless that dispute, by itself, creates at least the logical possibility that the estate will be affected"); *Zerand-Bernal Group v. Cox*, 23 F.3d 159, 161 (7th Cir. Ill. 1994) ("The reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary standalone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.").

## CONCLUSION

For the reasons set forth herein, the Court should grant Woodbranch's motion to remand because this Court lacks jurisdiction and even if it had jurisdiction remand is appropriate under the mandatory abstention grounds enumerated in 28 U.S.C. § 1334(c)(2), or, alternatively, the Court should remand the case under the principles of equitable remand and discretionary abstention in accordance with 28 U.S.C. § 1452(b) and 28 U.S.C. § 1334(c)(1).

20210622.20230576/5282648.1

Respectfully submitted this 2nd day of February, 2024.

                          HIRSCH & WESTHEIMER, P.C.

                By: */s/ Michael J. Durrschmidt*
                      Michael J. Durrschmidt
                      Texas Bar No. 06287650
                      Kim E. Lewinski
                      Texas Bar No. 24097994
                      1415 Louisiana, Floor 36
                      Houston, Texas 77002
                      Telephone: 713-220-9165
                      Facsimile: 713-223-9319
                      E-mail: mdurrschmidt@hirschwest.com
                      E-mail: klewinski@hirschwest.com

              **ATTORNEYS FOR WOODBRANCH HIGHPOINT, LLC**

**CERTIFICATE OF SERVICE**

    I, Michael J. Durrschmidt, hereby certify that on the 2nd day of February, 2024, a copy of the foregoing Notice of Appearance of Counsel was served via the Clerk of the Court through the ECF system.

Natalie F. Wilson
Langley & Banack, Inc.
Trinity Plaza II, Suite 700
745 East Mulberry
San Antonio, TX 78212-3166
Email: nwilson@langleybanack.com
*Attorney for Debtor, Highpoint Lifehope SPE, LLC*

Howard Marc Spector
Spector & Cox, PLLC
12770 Coit Road, Suite 850
Dallas, TX 75251
Email: hspector@spectorcox.com
*Attorney for FNA VI, LLC*

Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
24 Greenway Plaza, Suite 2050
Houston, TX 77046
Email: jcarruth@wkpz.com
*Attorney for Woodbranch Highpoint, LLC*

Eric Lipper
Hirsch & Westheimer, P.C.
1415 Louisiana, 36th Floor
Houston, TX 77002
Email: elipper@hirschwest.com
*Attorney for Woodbranch Highpoint, LLC*

                                          */s/ Michael J. Durrschmidt*
                                          Michael J. Durrschmidt

20210622.20230576/5282648.1